**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DUANE GITTENS,

                          **Plaintiff,**

v.

STERLING JEWELERS INC. d/b/a
KAY JEWELERS,

                          **Defendant**

Civ. No. 15-cv-5872 (KM)

**MEMORANDUM OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Duane Gittens, *pro se,* has filed a complaint that reads, in its entirety, as follows:

> I have brought this matter to the attention of the court because of the defendant's blatant disregard of the law and its continuous illegal and damaging actions. I have disputed, in writing, the continuous incorrect data being provided to Equifax, Experian and Trans Union for about the last 9 months and have only been attacked on my credit reports for it. They have altered dates and re-aged the account as recently as July 23, 2015 so that my credit score would drop. The information they report is totally false and I would now like the court to bring this matter to the defendant's attention, I am seeking damages for the continuous violations of the Fair Credit Reporting Act and the defamation of my character.

(ECF. No. 1) The defendant, Sterling Jewelers Inc. d/b/a Kay Jewelers ("Kay") moves to dismiss the complaint under Rule 12(b), Fed. R. Civ. P., for failure to state a claim. The plaintiff has not responded to the motion. For the reasons set forth below, the motion is granted, but without prejudice to the filing of an amended complaint within 30 days.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant,

1

as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Gittens here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

2

I read the complaint liberally to assert two causes of action: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s–2(b), and (2) defamation.

This action is brought against Kay, presumably on the theory that Kay provided credit information to the credit rating agencies. I assume for purposes of argument that there is some private right of action under the FCRA to enforce the furnisher of credit information's duty to investigate.[1] If so, it is not *per se* a direct action based on the acts of the furnisher alone, but rather rests on the interplay between the furnisher and the credit reporting agency, which occupies the central role. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011); *see Henderson v. Equable Ascent Financial, LLC,* Case No. 11-3576, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011). A plaintiff who seeks to assert such a claim must allege that he "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Id.* "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." *Id.* (citing cases).

I find that, as in *Henderson,* this conclusory claim, containing few or no facts, must be dismissed. It fails to allege facts from which a reader, even construing the complaint liberally, could glean the essential elements of the claim. The complaint does not say what the negative credit information consisted of, or in what respect it was false. It states that Mr. Gittens disputed it in writing, but it does not state that he notified the credit reporting agency,

---

[1]     Not every section of FCRA is enforceable by a private right of action:

> [Plaintiff] cannot base his claim on 15 U.S.C. § 1681s–2(a)(1)(A), because no private right of action exists under that provision. *See* 15 U.S.C. § 1681s–2(c), (d); *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059 (9th Cir.2002). Accordingly, we will affirm the District Court's dismissal of Huertas's FCRA claim against AMP.

*Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34-35 (3d Cir. 2011).

as required. *See Soliz v. Client Services, Inc.,* Case No. 11-4210, 2011 WL 4343730, at *2 (D.N.J. Sept. 14, 2011) (dismissing FCRA claim where consumer alleged he had notified the furnisher of information, but not the credit agency, of the dispute). It does not state how, when, or to whom any such report was made. In short, this complaint, even construed liberally, does not rise above the sort of conclusions and labels found inadequate in *Twombly* and *Iqbal.*

The necessary facts, assuming they exist, are not pled here. Taking into account the plaintiff's *pro se* status, I will permit him to file an amended complaint.

I turn to the defamation claim. Such a claim, based solely on the alleged violation of the FCRA, would generally be preempted. *See Edwards v. Equable Ascent, FNCL, LLC,* Case No. 11-cv-2638, 2012 WL 1340123, at *7 (D.N.J. Apr. 16, 2012); *Henderson, supra,* at *5; *Nonnenmacher v. Capital One,* No. 10-1367, 2011 WL 1321710, at *3 (D.N.J. March 31, 2011); *Burrell v. DFS Services, LLC,* 753 F. Supp. 2d 438, 451 (D.N.J. 2010). Recently, in *Parker v. Lehigh Cty. Domestic Relation Court,* 621 F. App'x 125 (3d Cir. 2015), the Third Circuit upheld such a dismissal, stating that there was nothing in the complaint sufficient to indicate the kind of malice or intent that might overcome preemption. *Id.* at 130 (citing 15 U.S.C. § 1681h(e) preemption of defamation regarding report to "consumer reporting agency ... except as to false information furnished with malice or willful intent to injure").

The defamation claim is therefore dismissed.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss the complaint is GRANTED WITHOUT PREJUDICE to the filing, within 30 days, of an amended Complaint that remedies the deficiencies identified above. An appropriate order will issue.

Dated:   February 29, 2016

_____

**KEVIN MCNULTY**
**United States District Judge**

5